UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN TILLMAN,<br><br>                 Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                 Respondent. | CASE NO. C15-1981-RSL-MAT<br><br>REPORT AND RECOMMENDATION |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 1-1.) He seeks to challenge a criminal case pending in King County Superior Court. (*See id.* (addressing Cause Number 14-1-06087-1).) Having reviewed the materials submitted by petitioner and the state court docket related to petitioner's criminal matter, the Court recommends this matter be DISMISSED without prejudice.

A district court is charged with reviewing a habeas petition prior to directing that it be served on respondent. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

REPORT AND RECOMMENDATION
PAGE - 1

*Id*. In this case, for the reasons set forth below, petitioner is not entitled to relief.

Generally, the federal courts will not intervene in pending state criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Also, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

Petitioner here concedes his criminal case "has not been to trial." (Dkt. 1-1 at 8.) A review of the state court docket reveals that the state court most recently continued petitioner's trial date on December 28, 2015. *See* http://dw.courts.wa.gov (King County Superior Court Cause No. 14-1-06087-1). Petitioner makes no showing of extraordinary circumstances that would justify the Court's intervention in his ongoing state criminal proceeding. It is further clear

REPORT AND RECOMMENDATION
PAGE - 2

that petitioner has not yet exhausted any relief in state court. (*See*, *e.g.*, Dkt. 1-1 at 6.)

Given the above, it is apparent any petition for a writ of habeas corpus is premature and should be dismissed without prejudice to re-filing once all state court post-conviction challenges to petitioner's conviction have been completed. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). Petitioner is advised that the limitation period for filing a federal habeas petition is suspended, or tolled, "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A proposed Order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 29, 2016**.

DATED this 6th day of January, 2016.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3